UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE BROOKS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BOILING CRAB FRANCHISE CO., LLC,<br><br>　　　　Defendant. | No. 2:20-cv-01390-JAM-CKD<br><br><br>ORDER |

**I. INTRODUCTION**

Plaintiff, Valerie Brooks, is a visually impaired individual who filed ADA and Unruh Act claims against defendant, Boiling Crab Franchise Co., LLC ("Boiling Crab") on July 9, 2020. (ECF No. 1, Complaint.) Plaintiff seeks a preliminary injunction and permanent injunction on behalf of herself, and on behalf of a proposed nationwide and California class. (Id.) Plaintiff alleges that defendant failed to properly code its website to work with screen-reading software, making its restaurant services inaccessible to individuals with visual impairments like plaintiff. (Id.)

In August 2022, the parties filed cross-motions to compel discovery under Federal Rule of Civil Procedure 37. (ECF No. 21, Plaintiff's Motion to Compel; ECF No. 25, Defendant's Motion to Compel.) In addition, defendant has filed a motion to compel plaintiff's expert witness

1

deposition. (ECF No. 31.) A motion to seal certain exhibits, filed by plaintiff, is also before this court. (ECF No. 41.)

The parties appeared for a hearing via videoconference on November 2, 2022. Attorney Binyamin Manoucheri appeared for plaintiff and attorney Kandice Kim appeared for defendant.

## II. PLAINTIFF'S MOTION TO COMPEL AND SANCTIONS [1]

Plaintiff's motion to compel seeks documents related to defendant's third-party consultants, Accessible 360 (A360) and Active Color. (ECF No. 39 at 12.)[2] Defendant objects to plaintiff's discovery requests on the basis of privilege. (Id. at 4.) Plaintiff contends that defendant waived privilege. (Id. at 2.) Plaintiff's motion presents three issues: 1) whether the documents that plaintiff seeks are privileged, 2) whether defendant's privilege log was adequate, and 3) whether defendant waived privilege.

   A.   Discovery background related to plaintiff's motion

On August 10, 2021, plaintiff served requests for production (RFPs) on defendant, and on September 1, 2021, plaintiff served interrogatories (ROGs) on defendant. (ECF No. 39 at 21.) The parties held their Rule 26(f) conference on August 25, 2021. (Id. at 22.) On November 8, 2021, defendant served supplemental responses to plaintiff's discovery requests, along with a document production and verification for defendant's ROG responses. (Id. at 16, 20.)

On January 20, 2022, plaintiff's counsel served a letter on defense counsel detailing deficiencies with defendant's supplemental responses, but notably, omitted any express demand that defendant serve its privilege log. (Id.) (See also ECF No. 39-11, January 20, 2022, letter.)

---

[1] Plaintiff asks the court to compel defendant's responses to the following RFPs: 1-10, 13-15, 17-19, 21, 25, 28, and 33. But, as defendant correctly notes, RFP Nos. 7-10, 13-15, 17-19, 21, and 33 were not properly noticed as they were not included in the plaintiff's original notice of motion. (ECF No. 21.) Therefore, RFP Nos. 7-10, 13-15, 17-19, 21, and 33 are not at issue for purposes of plaintiff's motion.

[2] The court declines to issue a ruling regarding any of plaintiff's outstanding ROGs because plaintiff failed to include any argument regarding outstanding ROGs in the joint statement. See E.D. Cal. Local Rule 251(c) (requiring the parties to submit a Joint Statement re Discovery Disagreement in support of any motion to compel containing all arguments and briefing relevant to the motion).

According to defendant, the parties met and conferred telephonically regarding defendant's discovery response on or about January 31, 2022, at which time both parties agreed that neither side would produce a privilege log. (ECF No. 39 at 9) (ECF No. 39-24, Chilleen Declaration, at ¶ 5.) Plaintiff's position regarding the existence of a prior agreement is absent from the parties' joint statement regarding plaintiff's motion to compel. However, at the hearing on November 2, 2022, plaintiff adamantly denied that the parties had agreed not to produce a privilege log. (ECF No. 38 at 7-8.)[3]

Neither party exchanged a privilege log until the parties mutually exchanged privilege logs on August 15, 2022. (Id.) Defendant's privilege log consisted of 70 entries, reflecting numerous email chains. (ECF No. 39-31, Privilege Log.) Each of the 70 logged items includes a date, names of the authors and recipients, and a description of the documents. (Id.) The individuals who are named as authors and recipients are third party consultants, A360 and ActiveColor, or Boiling Crab, or its attorneys. (Id.)

Winnie Vu, defendant's person most knowledgeable, submitted a declaration supporting defendant's opposition to plaintiff's motion to compel. (ECF No. 39-25, Vu Declaration) According to Ms. Vu, defendant specifically retained A360 and Active Color as its consultants after litigation was filed against it and at the direction of outside counsel, in order to assist defendant with developing litigation strategy and defending against lawsuits alleging website accessibility violations. (Id. at ¶ 2.) Communications with A360/Active Color, as well as testing conducted by A360 and other relevant documents relating to the accessibility of the website (all documented in Defendant's privilege log), were all sent at the direction of and shared with outside counsel. (Id.)

B. Discussion

    1. Whether the documents that plaintiff seeks are privileged work product

Plaintiff argues that the materials identified in defendant's privilege log do not meet the

---

[3] Plaintiff's counsel filed a declaration regarding the issue on November 2, 2022, after the hearing on the parties' motions, and nearly one month after the parties' briefing deadline. The declaration was filed in violation of Local Rule 142, and the court gives no weight to this unauthorized filing.

3

standard for attorney-privilege and/or work-product. (ECF No. 39 at 72.)  The court disagrees.  Attorney-client privilege applies "(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived." In re Grand Jury Investigation, 974 F.2d 1068, 1071 n. 2 (9th Cir.1992)). "The party asserting the privilege bears the burden of proving each essential element." United States v. Munoz, 233 F.3d 1117, 1128 (9th Cir.2000), superseded on other grounds as stated in United States v. Van Alstyne, 584 F.3d 803, 817 (9th Cir.2009)).

A party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).  Fed. R. Civ. P. 26(b)(3)(A).  Further, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial.  Fed. R. Civ. P. 26(b)(4)(D).  A party may obtain such discovery upon a showing of exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means. Fed. R. Civ. P. 26(b)(4)(D)(ii).

It is clear to the court that the documents enumerated in the privilege log meet the standard for attorney-work product and/or attorney client privilege. Privilege log entries 1-33, 36-48, 52-56, 58-69 relate to documents involving A360 and Active Color, who were hired by defendant as its consultants after litigation was filed against it and at the direction of outside counsel, in order to assist defendant with developing litigation strategy and defending against lawsuits alleging website accessibility violations. (ECF No. 39-25, Vu Declaration, at ¶ 2.) Privilege log entries 34-35, 49-51, 57 and 70 directly involved defendant's outside counsel and were sent for the purposes of seeking legal advice. (ECF No. 39 at 84.)

Accordingly, the materials identified in defendant's privilege log meets the standard for attorney-privilege and/or work-product.

### 2. Whether defendant's privilege log was adequate

Plaintiff argues that defendant's privilege log fails to provide an adequate description of documents. (ECF No. 39 at 70.) The court disagrees. Adequate privilege logs identify, at a minimum, the persons involved, the nature of the document, all persons or entities shown on the document to have received or sent the document, all persons or entities known to have been furnished the document or informed of its substance, and the date the document was generated, prepared, or dated. In Re Grand Jury, 974 F.2d 1068, 1071 (9th Cir.1992). Here, each of the entries in defendant's privilege log properly provides the identities of the sender and recipient and their respective companies, the date of each communication, a description of any attachments to each communication, the general subject matter of the communication, and present location of each of the materials. Accordingly, the court finds that defendant has properly asserted privilege over the documents in the privilege log, and that the privilege log sufficiently describes those documents.

### 3. Whether defendant waived privilege

Plaintiff argues that defendant waived privilege by failing to serve a privilege log until August 15, 2022 – almost a year from the date of the parties Rule 26 conference. (ECF No. 39 at 14). Defendant argues that the nearly year-long delay is mitigated by an agreement by the parties not to exchange privilege logs. (ECF No. 39 at 9) (ECF No. 39-24 at ¶ 5).

Federal Rule of Civil Procedure 26 provides that when a party withholds responsive information under claims of privilege, that party must make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection. Fed. R. Civ. P. 26(b)(5).

Under Rule 34, the party to whom the request is directed must respond in writing within 30 days after being served or -- if the request was delivered under Rule 26(d)(2) -- within 30 days after the parties' first Rule 26(f) conference. Fed. R. Civ. P. 34(b)(2)(a). An objection to part of a request must specify the part and permit inspection of the rest. Fed. R. Civ. P. 34(b)(2)(b). While Rule 34 imposes a bright-line rule defining timeliness, it does not contain an explicit

prohibition against boilerplate objections or assertions of privilege. Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court, 408 F.3d 1142, 1147 (9th Cir. 2005)

In Burlington Northern, the Ninth Circuit rejected a bright line test for waiver of the privilege, opting instead for a "holistic reasonableness test" that takes into consideration the following factors: 1) the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); 2) the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient); 3) the magnitude of the document production; and 4) other particular circumstances of the litigation that make responding to discovery unusually easy or unusually hard. 408 F.3d at 1147. The Burlington Northern factors "should be applied in the context of a holistic reasonableness analysis, intended to forestall needless waste of time and resources, as well as tactical manipulation of the rules and the discovery process." Id. The application of these factors shall also be subject to "agreements or stipulations among the litigants" and discovery or protective order. Id.

Applying the Burlington Northern factors to the present case, the court declines to find that defendant waived privilege. As a threshold matter, the court rejects plaintiff's argument that defendant waived its privilege objections by submitting responses outside Rule 34's 30-day limit. See id. ("we also reject a per se waiver rule that deems a privilege waived if a privilege log is not produced within Rule 34's 30-day time limit.")

The first factor, the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged, does not support a waiver finding. As discussed above, defendant served a privilege log which adequately describes the documents being withheld on the basis of privilege. See section II.B.1, supra.

The second factor, timeliness, supports a finding of waiver. In Burlington Northern, the Ninth Circuit concluded that, in the absence of mitigating circumstances, a five-month delay in

1  asserting privilege objections would be unreasonable. 408 F.3d at 1149. Here, the parties did not
2  exchange privilege logs until August 15, 2022, nearly a year after the parties held the Rule 26(f)
3  conference on August 25, 2021. (Id. at 12, 22.) Accordingly, defendant's nearly year-long delay
4  in serving a privilege log favors waiver.

5  The third factor, magnitude of production, is neutral regarding waiver. Defendant's
6  privilege log consists of 70 entries, reflecting numerous email chains and several hundred pages
7  of documents. (ECF No. 39 at 86). The magnitude of production does not weigh for or against
8  waiver.

9  Similarly, the fourth factor, particular circumstances of the litigation that make responding
10  to discovery unusually easy or unusually hard, does not weigh for or against waiver. Defendant
11  does not point to any circumstances that would make responding to discovery unusually difficult.
12  While plaintiff argues that particular circumstances made it easy for defendant to respond to
13  discovery, the court is not persuaded by plaintiff's argument. Plaintiff does not support its
14  assertion that defendant is a sophisticated entity. (ECF No. 39 at 86). The mere fact that
15  defendant has litigated previous ADA lawsuits does not mean that defendant is a sophisticated
16  entity, such that responding to discovery requests would be unusually easy. Further, plaintiff
17  argues that defendant's discovery should have been unusually easy because defendant litigated
18  previous ADA accessibility lawsuits. (ECF No. 39 at 87.) But plaintiff's argument is not
19  persuasive because there is no indication that the defendant responded to those same discovery
20  requests at issue. Accordingly, the fourth factor does not weigh for or against waiver.

21  Ultimately, the court is persuaded that some form of agreement not to produce privilege
22  logs existed between the parties which mitigates defendant's nearly year-long delay in providing
23  a privilege log. (ECF No. 39 at 9, 85-86), (ECF No. 39-24 at ¶ 5). Burlington Northern, 408 F.3d
24  at 1149 (the Burlington Northern factors shall be subject to "agreements or stipulations among the
25  litigants" and discovery or protective orders.) According to defendant, the parties met and
26  conferred telephonically regarding defendant's discovery response on or about January 31, 2022,
27  at which time both parties agreed that neither side would produce a privilege log. (ECF No. 39 at
28  ////

9) (ECF No. 39-24, Chilleen Declaration, at ¶ 5).[4] At the hearing on November 2, 2022, plaintiff's counsel denied the existence of an agreement not to produce privilege log. (ECF No. 38 at 7-8.)

The parties' failure to memorialize this informal agreement in an email is very problematic, as it deprives the court of a basis to meaningfully resolve discovery disputes. Nonetheless, two significant facts in this case point to the existence of a prior agreement. First, the fact that neither party exchanged privilege logs until August 15, 2022. (ECF No. 39 at 21.) Second, the fact that plaintiff's counsel, in a letter to defense counsel requesting further discovery responses on the eve of the alleged prior agreement, failed to expressly demand a privilege log. These significant facts, combined with the declaration by Michael Chilleen detailing the parties' agreement, support a finding that there was a prior agreement not to produce privilege logs. (ECF No. 39 at 9) (ECF No. 39-24, Chilleen Declaration, at ¶ 5)

Because defendant served an adequate privilege log, whose untimeliness was mitigated by a prior agreement not to exchange privilege logs, the court finds that defendant did not waive privilege. Accordingly, plaintiff's motion to compel and motion for sanctions is DENIED.

C. Defendant's Request for Payment of Attorney's Fees

Defendant requests payment of attorney's fees in the amount of $20,640 incurred in connection with opposing plaintiff's motion. (ECF No. 39 at 94.) Under Rule 37, if a motion to compel is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(B) ("If the motion is

---

[4] Plaintiff's position regarding the existence of a prior agreement is absent from the parties' joint statement regarding plaintiff's motion to compel. Local Rule 251(c) requires parties to submit a Joint Statement in support of any motion to compel containing **all arguments and briefing** relevant to the motion. See E.D. Cal. Local Rule 251(c) (emphasis added). Plaintiff failed to include plaintiff's position regarding the joint statement in support of plaintiff's motion. Further, as noted above, plaintiff's counsel's declaration was filed on November 2, 2022, after the hearing on the parties' motions, and nearly one month after the parties' briefing deadline, and the court declines to consider it.

denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion…."). However, the court should not order this payment if the motion was substantially justified, or other circumstances make an award of expenses unjust. Id.

Here, the court finds that plaintiff's motion was substantially justified as defendant's waiver argument hinged largely on the prior agreement between the parties not to exchange privilege logs, which defendant's counsel failed to memorialize. Therefore, the court declines to order plaintiff to pay defendant's attorney's fees.

**III.    DEFENDANT'S MOTIONS TO COMPEL AND SANCTIONS**

Defendant seeks to compel plaintiff to respond further to defendant's Requests for Production of Documents ("RFPs") and Interrogatories ("ROGs"). (ECF No. 25, Notice of Motion.)

**A.    Discovery background related to defendant's motion**

Plaintiff is a seasoned litigant. See e.g., Brooks v. Morphe, LLC, No. 2:20-CV-01219-KJM-DB, 2022 WL 2052680, at *1 (E.D. Cal. June 7, 2022). She alleges that she visited the Boiling Crab website on July 9, 2020, using a Dell 5530 laptop, and filed the instant lawsuit on the same day. (ECF No. 1.) Thereafter, she visited the Boiling Crab website again, on July 26, 2020, using a Hewlett Packard (HP) 15-1035G1 laptop. (ECF No. 38, Joint Statement on Defendant's Motion to Compel at 77.) In the fall of 2020, plaintiff decided to get a new laptop and disposed of the Dell 5530 laptop. (Id. at 69.) Plaintiff claims that she saved the hard drive in her home. (RFP Nos. 3, 8, 26, 27).

On September 3, 2021, defendant served discovery requests on plaintiff. (ECF No. 38, Defendant's Motion to Compel at 10.) Defendant's discovery requests sought documents relating to plaintiff's alleged visits to defendant's website on July 9, 2020, and July 26, 2020. Plaintiff alleges that she lost the hard drive from the Dell laptop that she used to visit the website on July 9, 2020. (ECF No. 38 at 35). Accordingly, plaintiff was unable to produce documents responsive to defendant's requests relating to this visit.

B. Legal Standards

Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. Pro. 26(b)(1).

The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009). The party opposing discovery has the burden of showing the discovery should be prohibited, and the burden of clarifying, explaining, or supporting its objections. Id.

A party may propound interrogatories relating to any matter that may be inquired to under Rule 26(b). Fed. R. Civ. P. 33(a). Parties must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)–(4). In general, a responding party is not required "to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made." Haney v. Saldana, 2010 WL 3341939, at *3, at *9 (E.D. Cal. Aug. 24, 2010) (citing L.H. v. Schwarzenegger, (E.D. Cal. Sep. 21, 2007)). Further, the responding party must supplement a response if the information sought is later obtained or the previous response requires a correction. Fed. R. Civ. P. 26(e)(1)(A). Any grounds of an objection to an interrogatory must be stated "with specificity." Fed. R. Civ. P. 33(b)(4).

C. Requests for Production (RFPs)

1. Plaintiff's Dell 5530 laptop and documents related to her July 9, 2020 visit (RFP Nos. 3, 8, 26, 27)

Defendant's arguments concerning RFP's 3, 8, 26, and 27[5] center around the same issue:

---

[5] RFP No. 27 requests all documents concerning plaintiff's search history, browsing history, copies of screen reader program, and screen shots concerning plaintiff's attempts to access or use the website. As it relates to screen-reading software, RFP No. 27 is duplicative of RFP Nos. 25. Because the browsing history for the July 26, 2020, visit was already produced, RFP No. 27 as it relates to the browsing history for the July 26, 2020, visit is duplicative of RFPs 3 and 8.

10

plaintiff's failure to produce discovery related to her visit to the website on July 9, 2020. (ECF No. 38 at 35). However, plaintiff disposed of the Dell 5530 laptop that she used to visit the website on July 9, 2020, and claims that she cannot find the hard drive. (Id. at 69.) Because plaintiff has indicated that there is nothing further to compel, defendant's motion to compel further production of discovery related to the July 9, 2020, visit is denied.

> i. Sanctions for failure to preserve evidence under Rule 37(e)

Defendant requests that the court issue an order under Fed. R. Civ. P. 37(e) that "plaintiff failed to preserve electronically stored information and/or spoliated relevant evidence." (ECF No. 38 at 73-74.) Defendant requests that the court impose sanctions by issuing an order instructing the jury that "it may or must presume the information was unfavorable to the party" or "dismiss the action or enter a default judgment. (Id.); Fed. R. Civ. P. 37(e)(2).

> 1. Dismissal

"A terminating sanction, [under Rule 37(e)(2)(C),] whether default judgment against a defendant or dismissal of a plaintiff's action, [however,] is very severe." Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (emphasis added). Terminating sanctions against a party accused of spoliation, however, are appropriate when the court finds "willfulness, fault, or bad faith." Leon v. IDX Systems Corp, 464 F.3d 951, 958 (9th Cir. 2006) (quoting Anheuser-Busch, Inc. v. Natural Beverage Distrib., 69 F.3d 337, 348 (9th Cir. 1995)); see also Columbia Pictures, Inc. v. Bunnell, No. 2:06-cv-01093 FMC(JCx), 2007 WL 4877701 at *5-8 (C.D. Cal. Dec. 13, 2007) (granting default judgment due to evidentiary spoliation). "A party's destruction of evidence qualifies as willful if the party has some notice that the documents were potentially relevant to the litigation before they were destroyed." Colonies Partners, L.P. v. Cnty. of San Bernardino, No. 518CV00420JGBSHK, 2020 WL 1496444, at *3 (C.D. Cal. Feb. 27, 2020), report and recommendation adopted, No. 518CV00420JGBSHK, 2020 WL 1491339 (C.D. Cal. Mar. 27, 2020). Defendant has not established that dismissal is warranted.

> 2. Adverse jury instruction

Defendant argues that plaintiff's failure to preserve ESI prejudiced defendant to the extent

that defendant is now deprived of the opportunity to inspect the laptop. (Id. at 74.)

While the Ninth Circuit has not set forth the standard for when an adverse inference instruction is appropriate, California district courts, including this district, have adopted the Second Circuit's three-part test, which provides: "a party seeking an adverse inference instruction based on the destruction of evidence must establish[:] (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed 'with a culpable state of mind'; and (3) that the evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002) (quoting Byrnie v. Town of Cromwell, 243 F.3d 93, 107–12 (2d Cir. 2001)); see, e.g., Olney v. Job.com, No. 1:12-CV-01724-LJO, 2014 WL 5430350, at *10 (E.D. Cal. Oct. 24, 2014); Waters v. Kohl's Dep't Stores, Inc., No. 14-CV-00043-KAW, 2015 WL 1519657, at *2 (N.D. Cal. Apr. 2, 2015); Posner v. Hillstone Rest. Grp., Inc., No. 219CV00507TLNKJN, 2022 WL 705602, at *3 (E.D. Cal. Mar. 9, 2022).

Rule 37(e) does not define "intent," but courts have found that a party's conduct satisfies the Rule 37(e)(2) "intent requirement where the evidence shows or it is reasonable to infer[ ] that the [ ] party purposefully destroyed evidence to avoid its litigation obligations." Colonies Partners, L.P. v. Cnty. of San Bernardino, No. 518CV00420JGBSHK, 2020 WL 1496444, at *9 (C.D. Cal. Feb. 27, 2020), report and recommendation adopted, No. 518CV00420JGBSHK, 2020 WL 1491339 (C.D. Cal. Mar. 27, 2020). Intent may be inferred if a party is on notice that documents were potentially relevant and fails to take measures to preserve relevant evidence. See Leon, 464 F.3d at 959. See also Blumenthal Distrib., Inc., ED CV 14-1926-JAK(SPx), 2016 WL 6609208, at *17-19 (finding party acted willfully and in bad faith even though it was unclear from the record whether someone intentionally or unintentionally deleted the relevant emails after the party failed to implement a litigation hold, had control over relevant evidence and a duty to preserve it, and misrepresented and delayed searches for the ESI).

The court finds an adverse jury instruction is appropriate here. First, the timing of the spoliation demonstrates that plaintiff was under obligation to preserve the information on her hard

drive because the lawsuit was pending when plaintiff misplaced her hard drive. Plaintiff filed suit on July 9, 2020, but plaintiff disposed of her Dell laptop the fall of 2020. (ECF No. 1.) Second, the records were destroyed with a "culpable state of mind": because plaintiff has filed similar lawsuits, the court infers that plaintiff knew or should have known that the information contained in the hard drive was relevant or potentially relevant to establishing whether plaintiff visited the website. Third, the hard drive is relevant to whether plaintiff ever visited the website prior to filing her claim. Accordingly, the standard for an adverse inference jury instruction is met.

2. Documents regarding disability (RFP No.13)

RFP No. 13 requests all documents (including medical records) establishing the nature and extent of plaintiff's disability. On October 3, 2022, plaintiff served the responsive document from Dr. Leroy Vaughn showing her visual acuity. (ECF No.38 at 4, 144.) Because plaintiff has served the requested documents, defendant's request is denied.

3. Screen-reader and hard-drive at issue in RFP Nos. 25 and 26

Defendant seeks to compel further responses regarding plaintiff's screen-reading software, requested in both RFP Nos. 25 and 26. Defendant requests production and inspection of the computer hard drive needed to access the browsing history and screen-reader for plaintiff's July 26, 2020 visit to the website. (ECF No. 38 at 72-73.) While plaintiff indicated that the parties came to an agreement not to produce screen readers, defense counsel disputed this agreement at the November 2, 2022 hearing. (ECF No. 38 at 76). Further, plaintiff's counsel indicated at the November 2, 2022, hearing that he did not know how to obtain copies of the screen-reading software.

Because plaintiff's screen-reader is directly relevant to the access barrier she alleges and because plaintiff has indicated that she is not able to produce the screen-reader, the court is inclined to find that defendant's request to inspect the hard-drive is reasonable and proportional to the needs of the case and compel production for inspection. See Fed. R. Civ. Pro. 26(b)(1).

However, the parties shall meet and confer forthwith on their dispute regarding the screen-reading software and attempt to resolve the dispute. To the extent that plaintiff continues to assert in good faith that producing the hard drive for inspection is an undue burden and implicates

13

privacy concerns, the undersigned will be available for an informal telephonic conference. The parties are directed to the undersigned's case management procedures for informal telephonic conferences on discovery disputes, available on the court's website.

    4. <u>Class actions filed by plaintiff's counsel (RFP No. 31)</u>

RFP No. 31 requests from plaintiff "ALL DOCUMENTS sufficient to identify ALL putative class actions filed by Plaintiff's counsel in any court, including DOCUMENTS sufficient to identify whether a class was certified and whether Plaintiff's counsel was name class counsel." (ECF No. 38 at 82.)

Defendant's joint statement fails to indicate why documents from all putative class actions filed by plaintiff's counsel in any court are relevant to this case. The court agrees with plaintiff that the request is overbroad, not scope limited, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. (ECF No. 38 at 82-83.) Therefore, the court denies defendant's request to compel further production of RFP 31.

    5. <u>Fee and Retainer Agreements (RFP Nos. 41 and 42)</u>

RFPs No. 41 and 42 request plaintiff's fee and retainer agreements with counsel in this lawsuit. Retainer and fee agreements are relevant to Rule 23 commonality and adequacy requirements. Retainer and fee agreements are not protected by the attorney-client privilege or work product doctrine. <u>See</u> <u>e.g.</u>, <u>Gusman v. Comcast Corp</u>., 298 F.R.D. 592, 599–600 (S.D. Cal. 2014).[6] Therefore, the court rejects plaintiff's claim that that retainer and fee agreements are privileged. (ECF No. 38 at 41-42.) Plaintiff shall respond to RFPs No. 41 and 42.

/////

/////

/////

---

[6] In the parties' Joint Statement, plaintiff appears to have changed its objection from privilege to relevance. However, because plaintiff failed to raise relevance in either its initial or supplemental responses, the objection has been waived . <u>Bryant v. Armstrong</u>, 285 F.R.D. 596, 602 (S.D. Cal. 2012) (quoting <u>Richmark Corp. v. Timber Falling Consultants</u>, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of objection.")

D. Requests for Interrogatories

ROG No. 1:

ROG No. 1 requests that plaintiff identify, in specific terms, all injunctive relief that she seeks in this action with respect to defendant and the website. Defendant claims plaintiff's response is deficient because it does not identify the specific alleged barriers that plaintiff seeks to have remediated on the website. Because the interrogatory seeks the injunctive relief which plaintiff seeks in this action and does not request that plaintiff enumerate the specific alleged barriers that Plaintiff seeks to have remediated on the website, there is nothing more to compel.

ROG Nos. 4 and 10:

Interrogatory No. 4 states: "For each feature of the website that YOU contend violates DISABILITY ACCESS LAWS, describe every reason YOU contend the feature violates DISABILITY ACCESS LAWS." (ECF No. 38 at 105.)

Interrogatory No. 10 states: "IDENTIFY each barrier to equal ACCESS that YOU encountered at the WEBSITE, the date of the alleged denial of equal ACCESS, and describe how YOU were specifically denied ACCESS to the goods and services provided by DEFENDANT as a result of these alleged barriers." (ECF No. 38 at 109.)

Defendant argues that plaintiff's answers are deficient because plaintiff has not identified the specific alleged barrier that she encountered on the website. The court disagrees. A responding party is not required "to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made." Haney v. Saldana, 2010 WL 3341939, at *3, at *9 (E.D. Cal. Aug. 24, 2010) (citing L.H. v. Schwarzenegger, (E.D. Cal. Sep. 21, 2007)). Plaintiff has indicated that she was prevented from accessing the website the way a sighted person could. Given that plaintiff does not possess the technical know-how to ascertain and explain from a technical standpoint why her screen-reader interacted or failed to interact with aspects of defendant's website, the court is persuaded that this is sufficient.

ROG No. 6

Interrogatory 6 requests that plaintiff state the total amount of damages sought and describe how such damages are calculated. Plaintiff indicated that defendant needed to respond

to plaintiff with the number of visitors to the website before damages and class size could be calculated. Defendant provided this information on September 15, 2022, by mail. Rule 26 provides that a responding party must supplement a response if the information sought is later obtained or the previous response requires a correction. Fed. R. Civ. P. 26(e)(1)(A). Because the documents are now in plaintiff's possession, plaintiff is under obligation to update its response defendant's interrogatories and shall include signed verifications.

      a. <u>Sanctions under Rule 37(a)(5)(C)</u>

Defendant requests the court order sanctions in the amount of $5,805 for attorney's fees incurred in bringing the motion. Under Rule 37(a)(5)(C), if a motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion. Fed. R. Civ. P. 37(a)(5)(C). At this time, the court declines to apportion payment of expenses. However, the court will entertain additional requests for sanctions in the event that the parties' meet and confer efforts are unsuccessful.

E. <u>Conclusion</u>

Accordingly, defendant's motion to compel is GRANTED IN PART and DENIED IN PART. Plaintiff shall respond to defendant's request for fee and retainer agreements (RFP Nos. 41 and 42) and the interrogatory regarding damages (ROG No. 6) within fourteen (14) days. Defendant's motion to compel is DENIED as to all other RFPs and ROGs.

Defendant's request that plaintiff pay reasonable attorneys' fees is DENIED without prejudice. The court will entertain another request if meet and confer efforts are unsuccessful.

Defendant's request for sanctions under Rule 37(e) is GRANTED in the form of adverse inference jury instructions.

**IV. DEFENDANT'S MOTION TO COMPEL DEPOSITION OF PLAINTIFF'S EXPERT WITNESS (ECF NO. 31, NOTICE OF MOTION.)**

Defendant also seeks to compel the deposition of plaintiff's expert witness. (ECF No. 31, Defendant's Motion to Compel Deposition). Plaintiff opposes the motion and argues that deposing plaintiff's expert witness would be prejudicial and a waste of time and resources as

defendant has not produced all relevant documentation. (ECF No. 40.) Plaintiff's argument is based on the assumption that defendant waived privilege. As discussed above, the court disagrees with plaintiff's argument that defendant waived privilege. Therefore, defendant's motion to compel deposition of plaintiff's expert witness is GRANTED. Plaintiff's objections are overruled and plaintiff is compelled to produce their expert witness for deposition.

### V.  PLAINTIFF'S REQUEST TO SEAL CERTAIN DOCUMENTS (ECF No. 41.)

Plaintiff requests that this court request to seal certain exhibits. (ECF No. 41 at 3.) Local Rule 141(f) provides: "Upon the motion of any person, or upon the Court's own motion, the Court may, upon a finding of good cause or consistent with applicable law, order documents unsealed." Good cause exists where the party seeking protection shows that specific prejudice or harm will result if the request to seal is denied. Anderson v. Marsh, 312 F.R.D. 584, 594 (E.D. Cal. 2015). Plaintiff's motion indicates that the parties stipulated that certain documents were protected from disclosure. (ECF No. 41 at 3.) But this is not enough to meet the good cause standard. Anderson, 312 F.R.D. at 594 ("neither the parties' agreement that documents shall be filed under seal, nor a party designating documents as confidential, is sufficient to meet the good cause standard"). Therefore, plaintiff has not demonstrated that good cause exists under Local Rule 141. Accordingly, plaintiff's request to seal is DENIED without prejudice. Either party shall refile a motion to seal within fourteen (14) days for the court's consideration.

### IV. CONCLUSIONS AND ORDERS

For the reasons set forth, IT IS HEREBY ORDERED:

1. Plaintiff's Motion to Compel (ECF No. 25) is DENIED.
    a. Defendant's request that plaintiff be ordered to pay attorneys' fees incurred (ECF No. 39) is DENIED.
2. Defendant's Motion to Compel (ECF No. 21) is GRANTED in part and DENIED in part.
    a. Defendant's Motion to Compel is GRANTED with respect to RFP Nos. 41 and 42 and ROG No. 6.
    b. Plaintiff shall respond to defendant's request for fee and retainer agreements (RFP

17

        Nos. 41 and 42) and interrogatory regarding damages (ROG No. 6) within fourteen (14) days.

    c. Defendant's Request for Sanctions under Rule 37(e) is GRANTED in the form of adverse inference jury instructions.

    d. Defendant's Motion to Compel is DENIED as to all other ROGS AND RFPs.

    e. Defendant's request that plaintiff be ordered to pay reasonable attorney's fees is DENIED without prejudice.

3. Defendant's Motion to Compel Deposition of Plaintiff's Expert (ECF No. 31) is GRANTED. Plaintiff's objections are overruled and plaintiff is compelled to produce their expert witness for deposition.

4. Plaintiff's Request to Seal (ECF No. 41) is DENIED without prejudice. Either party shall refile a motion to seal within fourteen (14) days.

Dated: November 9, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21/broo.1390